| | | |
|---|---|---|
| MARLIN O'NEAL, d/b/a | ) | |
| MDK GROCERIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15CV75 ACL |
| | ) | |
| SWEEPSCOACH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This recently removed case is before the Court on Defendant Sweepscoach's Motion for More Definite Statement. (Doc. 4.) Plaintiff has not filed a response to Defendant's motion.

## BACKGROUND

Plaintiff filed a Verified Petition for Damages against Defendant Sweepscoach in the Circuit Court of Scott County, Missouri, on or about April 9, 2015. (Def's Ex. A.) Defendant removed the action to this Court on May 5, 2015. (Doc. 1.) In the Petition, Plaintiff alleges that he contacted Defendant in January 2014 to arrange for the purchase of electronic sweepstakes machines ("machines"). Plaintiff alleges that Defendant made representations to Plaintiff regarding the particular type of machine that would be most suitable for Plaintiff's situation, and that these representations induced Plaintiff to contract with Defendant for the purchase of six machines on February 7, 2014. Plaintiff states that he rendered payment in full for the machines on or about February 7, 2014, in the amount of $20,072.68.

Plaintiff alleges that the machines did not function properly, rendering them completely useless to Plaintiff. Plaintiff states that he immediately contacted Defendant, who attempted to troubleshoot the issues, but the machines remain nonfunctional. Plaintiff alleges that Defendant

sent a representative to repair the machines, but the representative was unable to repair the machines. Plaintiff contends that, despite Defendant's representation that Defendant would repair the machines or refund Plaintiff's money, Defendant has not refunded Plaintiff's money. Plaintiff alleges that the machines are non-merchantable and are unfit for Plaintiff's purposes as specifically stated by Plaintiff to Defendant.

The Petition sets forth the following claims resulting from Defendant's alleged sale of defective machines: breach of the sales contract between Plaintiff and Defendant, breach of the express warranty of the sale of functional machines, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. Plaintiff requests damages in the amount of $20,072.68, in addition to lost profits in the amount of $1,000 per week since the alleged breach.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion for a more definite statement "must be made before filing a responsive pleading[.]" *Id.* "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). "[T]he only question is whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013).

In this case, Defendant argues that Plaintiff does not plead "any specifics regarding how the machines are defective and/or non-functional." (Doc. 4 at 2.) Defendant further argues that, while Plaintiff pleads a breach of implied warranty of fitness for a particular purpose, Plaintiff

does not plead how Plaintiff's intended use of the purchased machine differs from the customary use of the machines by others.  Defendant contends that Plaintiff's "broad, conclusory allegations that the machines are 'defective' and/or 'nonfunctional' are so vague and ambiguous that defendant Sweepscoach cannot reasonably prepare a response." *Id.*

 A review of the Petition shows that the Petition contains a short and plain statement of the facts demonstrating the basis for Defendant's liability.  The Petition meets the federal notice pleading standard of Fed.R.Civ.P. 8(a).  The Petition alleges that the machines "did not function properly, rendering them completely useless to Plaintiff."  (Ex. A ¶ 14.)  The Petition also details the efforts made by Defendant to repair the machines.  Defendant seeks an order requiring Plaintiff to "set out with sufficient detail how the machines are defective, and/or nonfunctional." (Doc. 4 at 2.)  The purpose of Rule 12(e) is not, however "to remedy an alleged lack of detail," but to "remedy unintelligible pleadings." *Resolution Trust Corp*, 870 F. Supp. at 977.   The Petition is not so unintelligible, vague, or ambiguous such that Defendant cannot reasonably frame a response.  Thus, the Court will deny Sweepscoach's motion.


 Accordingly,

 **IT IS HEREBY ORDERED** that Defendant's Motion for More Definite Statement (Doc. 4) is **DENIED**.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE


Dated this 22nd day of May, 2015.